In the Matter of the Claim of FRANCES TAPPAN THORGENSON, Respondent, against MOVIETONEWS, INC., and GLOBE INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from a decision which denied their application for modification of an award to a widow, which application was based on the remarriage of said widow before the payment of the award. The accident in which the employee was killed happened on May 28, 1935. The deceased employee left a widow and two children. An award of compensation benefits was made by the referee on October 3, 1935, and on December 10, 1935, the State Industrial Board made its conclusions of fact and rulings of law, and an award of death benefits against the employer and insurance carrier. The award contains a statement that the present value of the above award is $12,399.24 as of November 7, 1935, commuted pursuant

to the provisions of section 27 of the Workmen's Compensation Law. That did not include funeral expenses. In the interests of justice, pursuant to section 27 of the Workmen's Compensation Law, the employer and insurance carrier are [were] directed to pay the award above mentioned into the Aggregate Trust Fund. Thereafter it was stipulated by the attorneys of the respective parties that the final decision in the matter of the claim for compensation made by Lucille Z. Alexander, widow, on account of the death of her husband should be binding upon the employer and insurance carrier in this case. Appeals were taken from the Alexander award which the court has affirmed, and consent to have the matter heard in the United States Supreme Court was denied.█ While the appeal in the *Alexander* case was pending the widow of the deceased employee remarried on April 30, 1936. The carrier contended that there was no objection to the award to the children but the award to the widow should be modified to provide for payment of compensation benefits to her from the date of employee's death to the date of her remarriage, plus two years' compensation, but refused to further correct or change the award. The commuted award was correct at the time it was made, and the Board properly refused to rescind it. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.